## WILSON *v.* WILSON.

1. An ordinary can not act as executor in the county of which he is ordinary.
2. Where an executor, who is also the ordinary of the county, files with the clerk of the superior court (there being no judge of the city or county court) a petition to probate the will in common form and to have himself qualified as executor, and the clerk orders the will to probate and allows the executor to qualify as such, and on appeal to the superior court the trial judge hears the case without the intervention of a jury, there is no error in his affirming the judgment of the clerk as to the probate of the will, and reversing the judgment allowing the executor to qualify as such.

APRIL 18, 1913.

Appeal. Before Judge Gilbert. Taylor superior court. April term, 1912.

*W. D. Crawford,* for plaintiff. *C. W. Foy,* for defendant.

HILL, J. Robert E. Wilson died testate in November, 1911, and named W. B. Wilson, his father, as executor of his last will and testament. W. B. Wilson, at the time of the death of his son, was the ordinary of Taylor county. On December 26, 1911, the named executor presented the will, with an endorsement thereon of his disqualification as ordinary to act in the matter of its probate, to the clerk of the superior court of Taylor county, for probate in common form. There being no city-court or county-court judge in Taylor county, it was agreed upon the trial that the clerk of the superior court had jurisdiction to probate the will. The petition

was accordingly heard by the clerk. A caveat was filed by the widow and sole heir at law of the testator, to the probate of the will, and to the right of the named executor to qualify, upon the grounds: (1) That the testator being a resident of Taylor county at the time of his death, the court of ordinary of that county had exclusive jurisdiction of the probate of his will. (2) That the nominated executor of the will was also the ordinary of Taylor county, and therefore ineligible to qualify and act as executor of any will over which his court had jurisdiction, and, having no other interest, could not offer the will for probate. On hearing the case, the clerk, acting as ordinary, passed an order probating the will and allowing the petitioner to qualify as the executor thereof. The caveatrix appealed from this decision to the superior court. By consent of the parties the trial judge heard the case without the intervention of a jury, and rendered judgment allowing the decision of the clerk to stand as to the probate of the will, but reversing it as to allowing W. B. Wilson to qualify as executor. Wilson excepted.

The sole question to be determined in the case is whether the ordinary of a county, who has been named as executor, can qualify and act as such in the county of which he is ordinary. The Civil Code, § 4786, provides: "The eligibility and disabilities of the ordinary, aside from the constitution, are the same as the clerks of the superior courts for their offices, with the addition that they can not, during their terms of office, be executors, administrators, or guardians, or other agents of a fiduciary nature, required to account to their courts; but they may be administrators, guardians, or executors in cases where the jurisdiction belongs to another county, or where, in special cases, they may be allowed by law and required to account to the ordinary of another county." This section of the code by express terms renders any ordinary ineligible to act as an executor during his term of office, where as such executor he would be required to account to the court of ordinary. In the present case the ordinary applied for the executorship during his term of office. While he remained in office as ordinary, he would be accountable to himself. It is true that by the terms of the will he was relieved from giving bond, or from making any returns to the ordinary. But this provision in the will does not relieve him from being subject to the jurisdiction of

the court of ordinary with respect to his other acts and doings as executor. For instance, should he refuse to make settlement with the legatee or legatees under the will, he could (as executor) be cited to appear before himself (as ordinary) to make settlement with any legatee. Civil Code, § 4073. Section 4787 goes to the extent of declaring that when any person holding such trusts as executors, etc., are elected ordinaries, their letters and powers immediately abate on their qualification. The whole scheme of our law with respect to the estates of decedents is to put them under the control and supervision of the ordinary. Aside from the express inhibition of the statutes, it would be contrary to public policy to allow an ordinary to become executor, guardian, etc., of various estates, and thus disqualify him to that extent from discharging the duties he was elected to perform. By so doing he could greatly impede and retard the transaction of business before his own court, and greatly inconvenience and hamper the administration of estates. If he can act as executor of one estate, he could of a dozen or more, and likewise as guardian of any number of minors, and in this way create endless confusion by occupying two relations utterly inconsistent with each other, and thus interfere with the orderly process of business before his court.

*Judgment affirmed. All the Justices concur.*